UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GOTFRIED JEAN,

                            Plaintiff,

                                                                    Case # 13-CV-6255-FPG

v.
                                                                    DECISION AND ORDER

JOSEPH KRAUSS and
CORRECTION OFFICER NATHAN SORRELL,

                            Defendants.

After a week-long trial, the jury in this case determined that Defendant Joseph Krauss ("Krauss"), who was then employed by the State of New York at the Attica Correctional Facility ("Attica"), utilized excessive force by sexually assaulting Plaintiff Gotfried Jean ("Jean") on June 1, 2010, who was incarcerated at Attica. The jury did not make the same finding regarding Defendant Nathan Sorrell ("Sorrell"), a Correction Officer at Attica, and instead found no cause of action for the same allegation against him. The jury awarded Jean $40,000.00 in compensatory damages and $25,000.00 in punitive damages, for a total award of $65,000.00. Dkt # 44. Presently before the Court are Krauss' motions for (1) judgment as a matter of law under Fed. R. Civ. P. 50(b) or (2) a new trial under Fed. R. Civ. P. 59. Dkt. # 49. Also before the Court are (1) a Bill of Costs from Sorrell (Dkt. # 45), Jean's objections (Dkt. # 47), and Sorrell's reply (Dkt. # 48), as well as (2) Jean's Motion for Attorney Fees and Costs (Dkt. # 52), and Krauss' response in opposition (Dkt. # 54). Finding no basis to disturb the jury's verdict, Krauss' motions for post-trial relief (Dkt. # 49) are denied. Further, Jean's application for attorney fees (Dkt. # 52) is granted, Sorrell's Bill of Costs (Dkt. # 45) is accepted and Jean's objections (Dkt. # 47) are overruled, and the Court reserves decision on Jean's Bill of Costs (Dkt. # 52) pending further submissions from the parties.

DISCUSSION

I.    Motions for Judgment as a Matter of Law and For a New Trial

The proponent of a motion for judgment as a matter of law ("JMOL") under Fed. R. Civ. P. 50(b) faces a "high bar," *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 479 (2d Cir. 2001), and the Second Circuit has cautioned that motions for judgment as a matter of law "should be granted cautiously and sparingly." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). In ruling on such a motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence . . . credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (citations omitted). In order to grant the application, this Court must find that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" the non–movant. Fed. R. Civ. P. 50(a); *see Cameron v. City of N.Y.*, 598 F.3d 50, 60 (2d Cir. 2010) (The evidence must "so utterly discredit" the non–moving party such "that no reasonable juror could fail to believe the version advanced by the moving party.") (citation omitted).

The rules governing a motion for a new trial under Fed. R. Civ. P. 59 are somewhat less strict, in that the Court may weigh the evidence independently, and need not view it in the light most favorable to the prevailing party. *See Manley v. AmBase Corp.*, 337 F.3d 237, 244–45 (2d Cir. 2003). Unlike a motion for JMOL, a motion for a new trial "may be granted even if there is substantial evidence to support the jury's verdict." *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998). Even under this less restrictive standard, the Second Circuit has cautioned that a new trial should not be granted "unless the trial court is convinced that the jury has reached a

seriously erroneous result or that the verdict is a miscarriage of justice." *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 54 (2d Cir. 2000). In other words, to order a new trial, the Court "must view the jury's verdict as against the weight of the evidence." *Manley,* 337 F.3d at 245 (quotation and citation omitted).

Turning first to Krauss' Motion for JMOL or a New Trial, the application is exceptionally sparse. The entirety of the affidavit in support from Krauss' attorney (Dkt. # 49-1) states that:

> (1) I am the attorney for defendant Joseph Krauss.
> (2) I make this affidavit in support of the defendant's motion for judgment as a matter of law or, in the alternative, for a new trial.
> (3) The plaintiff testified that he was assaulted by defendant Joseph Krauss and defendant Nathan Sorrell in concert.
> (4) Defendant Joseph Krauss and defendant Nathan Sorrell both testified that there was no assault.
> (5) The jury did not find against defendant Nathan Sorrell.
> (6) No view of the evidence presented to the jury supports their verdict.
> WHEREFORE, judgment dismissing the complaint or, in the alternative, granting defendant Joseph Krauss a new trial, should be entered.

Krauss' attorney cites no cases to support his position, presents no factual recitations, and does not even attempt to present a developed argument. Rather, he simply states, in perfunctory fashion, that his client is entitled to relief from the jury's verdict. I disagree.

It is well established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.,* 902 F. Supp. 2d 476, 499 (S.D.N.Y. 2012), quoting *Tolbert v. Queens Coll.,* 242 F.3d 58, 75 (2d Cir. 2001). As such, I would be well within my discretion to deny Krauss' Motion in its entirety on this basis alone, since his filing is indeed "perfunctory" and

"unaccompanied by some effort at developed argumentation." Nevertheless, I will address the merits of the application.

To the extent Krauss' Motion argues that the jury's verdict cannot stand because it is inconsistent, that argument fails. "It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Indus., Inc.,* 462 F.3d 74, 83 (2d Cir. 2006) (citation omitted). There was no such objection made in this case prior to discharging the jury, and that failure is fatal to any claim of an inconsistent verdict.

But even putting that fatal flaw aside, the Second Circuit has held that district courts, when faced with a potentially inconsistent verdict, "must adopt a view of the case, if there is one, that resolves any seeming inconsistency." *Turley v. Police Dep't of City of N.Y.,* 167 F.3d 757, 760 (2d Cir. 1999).

In this case, there was more than sufficient evidence to support the jury's verdict, and the jury's verdict can easily be reconciled. Jean testified that he was forced to perform oral sex on Krauss while at Attica. The jury also heard that Krauss was questioned about this incident, and that Krauss lied to the investigating officers, both verbally and by signing a sworn statement that falsely stated that he never had sexual contact with Jean, and that he had never ejaculated while at work. Krauss later learned that Jean had retained the shirt he was wearing at the time of the incident, which contained Krauss' semen. After Krauss learned this fact, he admitted to having oral sex with Jean at Attica, and later pleaded guilty to state charges of sexual assault. On the other hand, Krauss testified that the sexual encounter between himself and Jean was consensual in nature, and that the incident occurred at Jean's behest.

Since Jean testified that he was assaulted by Krauss and Sorrell in concert, I assume that Krauss' application is based upon his view that the jury was required to treat this case as one of "all or nothing." In other words, either the jury had to believe Jean across the board, in which case they would find both Defendants liable. On the other hand, if the jury disbelieved Jean's account, then it would have to find both Defendants not liable. I reject such an argument.

Jurors are routinely instructed – correctly – to judge each defendant separately. In doing just that, the jury was certainly permitted to consider that significantly more evidence was introduced to substantiate and corroborate Jean's testimony as it related to Krauss' conduct – namely his prior lies, his guilty plea to sexual assault, and the testimony regarding the semen on Jean's clothing – and the fact that no such corroborating evidence existed to support Jean's testimony regarding Sorrell's conduct. In other words, the jury appears to have taken their oath seriously, and considered each Defendant separately, which resulted in a split verdict. While we will never know why the jury determined what they did, there indeed exists a view of this case that resolves any potential inconsistency in the verdict, and therefore any claim for relief based upon a potentially inconsistent verdict is denied.

On that same note, JMOL is appropriate only where "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). In making that determination, a district court "may not make credibility determinations or weigh the evidence." *Reeves,* 530 U.S. at 150–51. While Krauss believes that the jury (and now the Court) should have believed his testimony over Jean's, the verdict makes clear that the jury drew the opposite conclusion. That determination of credibility is certainly within the province of the jury, and cannot form the basis for a JMOL motion.

Simply put, because sufficient evidence exists to support the jury's verdict, especially since this case largely turned on credibility determinations, there is no basis to set aside the jury's verdict, and Krauss' Motion for JMOL is denied.

Regarding Krauss' Motion for a New Trial, although the standard is less exacting than that for JMOL, and on such a motion I am permitted to make credibility determinations, I find no basis to disturb the jury's verdict. The jury was well within their province to credit Jean's testimony over Krauss' and to determine that Jean's Eighth Amendment rights were violated by Krauss. There is no basis in my mind to conclude that "the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Caruolo*, 226 F.3d at 54. As such, Krauss' Motion for a New Trial is also denied.

II.    Motion for Attorney Fees

42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of section 1983 of this title, "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." Consistent with Congress' intent in enacting the statute, the Supreme Court has instructed that in civil rights cases, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quotation and citation omitted).

The calculation of a reasonable attorney's fee is generally governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also Perdue v. Kenny A.,* 559 U.S. 542, 551 (2010) (The lodestar approach has "become the guiding light of our fee-shifting jurisprudence."). In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify,

for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998). Hours expended to obtain the favorable judgment, as well as hours spent defending against post-judgment motions and preparing and defending an application for fees, are compensable. *Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999). "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch,* 148 F.3d at 173 (internal quotations and citations omitted).

Here, Jean seeks $55,391.55 as a reasonable attorney fee. Krauss argues that Jean should recover nothing, or alternatively, the fee award should be reduced because (1) "Collection of plaintiff's judgment against Krauss, should it stand, is problematic;" (2) duplication of efforts between Jean's counsel calls for a fee reduction, and (3) the hourly rate sought for Nicholas Mindicino – Jean's trial counsel – is excessive.

In reviewing Jean's attorney fee application, I find the requested fee to be entirely reasonable. The 292.7 attorney hours and the 1.9 paralegal hours sought are supported by time records and are reasonable given the issues in the case, the fact that trial lasted a week, and given the necessary preparation involved in bringing such a case. I also find $189 to be a reasonable hourly rate for the attorney's involved in this case, and $37.50 to be a reasonable hourly rate for the paralegal involved in this case. Indeed, if the attorney rates were not capped at $189 under the Prisoner Litigation Reform Act, an even higher rate would be reasonable based upon the experience (each attorney has over five years of experience) of the attorneys involved in this case. I also recognize that courts in this district have routinely approved hourly fees similar or higher than the $189 per hour requested here. *See, e.g., Muscari v. Nichols & Grant, LLC,* No.

14-CV-43-JTC, 2014 WL 4659310, at *3 (W.D.N.Y. Sept. 17, 2014) (approving hourly rates of $250 for experienced attorneys, and $175 for an attorney admitted to practice in 2014). Krauss' remaining contention – that attorney fees should be denied to Jean because they may prove difficult to collect – is without merit. While I have the discretion to deny an attorney fee award in a case where "special circumstances would render such an award unjust," *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), Krauss has presented nothing to substantiate such a claim, and I find nothing unjust about awarding Jean his attorney fees in this case.

For these reasons, Jean's attorney fee application is granted, and he is awarded $$55,391.55 as a reasonable attorney fee, which is recoverable from Krauss.

III.    Bill of Costs

The default rule in this circuit regarding the award of costs is that "[a]s a general matter, costs...should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Rule codifies a venerable presumption that prevailing parties are entitled to costs." *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014), quoting *Marx v. Gen. Revenue Corp.*, --- U.S. ----, 133 S. Ct. 1166, 1172 (2013) (internal quotation marks omitted). Further, "the decision to award costs under Rule 54(d)(1) is committed to the sound discretion of the district court." *Carter*, 759 F.3d at 164 (internal quotation and citation omitted).

A.    Sorrell's Bill of Costs

The jury found no liability against Sorrell, and as a result, he argues that as it relates to the dispute between Jean and himself, he is the prevailing party. As such, Sorrell seeks costs in the amount of $777.79 that were incurred in deposing the Plaintiff. Jean opposes the application, and argues that because he obtained some success on his claim – albeit not against every

Defendant – that he is the prevailing party in terms of the litigation, and should not be held liable for any costs.

I acknowledge that other courts have denied costs to prevailing defendants where a plaintiff prevailed only against certain defendants in a multi-defendant case. However, in my judgment, I think that the award of costs sought by Sorrell is appropriate. As previously stated, juries are instructed to treat separate defendants separately – or in other words, to remember that while defendants may be tried jointly, in essence what is occurring are simultaneous separate trials against each defendant. In that vein, there can be no doubt that Sorrell prevailed against Jean, and he is therefore entitled to recover his costs. Jean's Objections to Sorrell's Bill of Costs are overruled, and the Clerk of the Court shall tax costs of $777.79[1] in favor of Sorrell against Jean.

### B.   Jean's Bill of Costs

Although Krauss argues against the award of attorney fees in this case, his submission does not address with any specificity the costs sought by Jean. Nevertheless, I am not in a position to award Jean his requested costs at this juncture.

While Jean is indeed the prevailing party in his action against Krauss, the Bill of Costs that has been submitted is insufficient. Local Rule of Civil Procedure 54 requires that "a party entitled to recover costs shall submit to the Clerk of Court a verified Bill of Costs on the form provided by the Court." That form, AO-103, which is publically available on the district's

---

[1] Jean also argues that if Sorrell recovers any costs, he should only recover half, because he believes that Sorrell and Krauss split the costs of the deposition. In his Reply Memorandum, Sorrell's counsel states that they "did not share the cost of the deposition with the co-defendant [Krauss]. The bill attached to the bill of costs is the bill we received and paid." Dkt. # 48. Based upon that, I reject Jean's invitation to reduce the costs by half.

website, directs parties to "attach to your bill an itemization and documentation for requested costs in all categories."

Here, no supporting documentation was provided to substantiate the $18,422.97 in costs claimed by Jean. The only document provided is a one page summary invoice from Jean's attorneys, and that document simply lists one line descriptions with an amount. Without any supporting documentation, I cannot determine whether or not the listed costs are indeed appropriate and taxable.

To resolve this issue, Jean's counsel is directed to file an amended bill of costs along with supporting documentation by February 13, 2015, and Krauss' counsel may file any objections to that bill of costs by February 20, 2015. Until that time, I will reserve decision on awarding costs to Jean.

## CONCLUSION

For all of the foregoing reasons, Krauss' Motion for Judgment as a Matter of Law or for a New Trial (Dkt. # 49), is DENIED; Jean's Objections (Dkt. # 47) to Sorrell's Bill of Costs (Dkt. # 45) are OVERRULED; and Jean's Motion for Attorney Fees (Dkt. #52) is GRANTED, and Jean is awarded $55,391.55 as a reasonable attorney fee, recoverable from Krauss.

Jean is directed to file an amended bill of costs by February 13, 2015, and Krauss' counsel may file any objections to that bill of costs by February 20, 2015. The Court will reserve judgment on Jean's application for costs until after February 20, 2015.

IT IS SO ORDERED.

Dated: February 2, 2015
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge